(53 South. 729.)

No. 18,127.

CARTER v. GREEN.

(Dec. 12, 1910.)

*(Syllabus by the Court.)*

COMMERCE (§ 50*)—INTERSTATE COMMERCE—INSPECTION OF LIVE STOCK.

An ordinance of a municipal corporation of this state, which requires, under penalty of fine and imprisonment, that all cattle, sheep, hogs, goats, and other live stock shall be inspected, on the hoof and before being slaughtered, by an officer appointed by the town authorities, as a condition to the sale, for food purposes, of the meats of such animals, practically excludes from the town market all meats taken from animals slaughtered in other states, or in this state at any considerable distance from the town, and contravenes the commerce clause (article 1, § 8) of the Constitution of the United States.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 48–53; Dec. Dig. § 50.*]

Appeal from Sixth Ward Justice Court, Parish of Calcasieu; Frank V. Howard, Justice.

Action by Henry Carter against Wylie M. Green. Judgment for plaintiff, and defendant appeals. Reversed.

Goudeau & Barbe, for appellant.

MONROE, J. Defendant, having been sued under an ordinance of the town of De Ridder for certain fees for the inspection of live stock to be slaughtered by him, interposed the defense that the ordinance contravenes article 1, § 8 (the commerce clause), of the Constitution of the United States, and he has appealed from a judgment in which that defense was overruled. The ordinance attacked reads, in part, as follows:

"An ordinance to preserve and promote the health and general welfare of the citizens of De Ridder, Louisiana; to provide for the inspection of all cattle, sheep, hogs, goats and other live stock, before being butchered and offered for sale within the corporate limits of the town of De Ridder; to create the office of inspector of live stock of the town of De Ridder, Louisiana; to define their duties, and to provide for his compensation; and to provide penalties for all violations of this ordinance.

"Section 1. * * * That, hereafter, no one shall be permitted to sell or offer for sale, with-

in the corporate limits of the town of De Ridder, the meat of any butchered cattle or other live stock unless the same has been, first, regularly inspected by the said inspector of live stock for said town, before the same was butchered and unless said person or persons, selling or offering to sell such meat, has a certificate from such inspector that said animal was duly inspected by him and was found sound and healthy and free from disease, before it was butchered."

Section 3 provides for the appointment by the mayor and alderman of a live stock inspector,

"whose duty it shall be to inspect all live stock to be butchered and sold or offered for sale, in the corporate limits of said town, and whose duty it shall be, promptly to report to the mayor * * * any infraction of said ordinance."

It fixes the compensation of the inspector, and provides that the same shall be paid by the person for whose benefit the inspection may be made; that the inspector shall issue to such person a certificate that the animal slaughtered was sound, or, if the fact should be otherwise, shall condemn such animal and forbid the butchering of it for sale; that—

"It shall be the duty of the inspector, after making each inspection, to remain on the ground and to see each animal slaughtered that he has inspected."

Section 4 imposes a penalty, of fine and imprisonment, for butchering cattle, sheep, hogs, goats, or other live stock, without previous inspection, or for offering for sale the meat of such animals which had not been inspected on the hoof, and for which certificates of health had not been obtained from the inspector; as also a penalty for delivering meat otherwise than in covered carts, etc.

It is obvious that the practical effect of the ordinance thus quoted, if enforced, will be to prevent the sale, in De Ridder, of the meat of any animal, slaughtered beyond the limits of this state, or even within the limits of the state, but at any considerable distance from the town of De Ridder.

Dealing with a statute of the state of Minnesota containing similar provisions, the Supreme Court of the United States has held

it to be in violation of the provision of the Constitution of the United States which is here invoked; Mr. Justice Harlan, the organ of the court, saying, in the course of the opinion:

"As the inspection must take place within the 24 hours immediately before the slaughtering, the act, by its necessary operation, excludes from the Minnesota market practically all fresh beef, veal, mutton, lamb, or pork, in whatever form, and although entirely sound, healthy, and fit for human food, taken from animals slaughtered in other states. * * * But a law providing for the inspection of animals whose meats are designed for human food cannot be regarded as a rightful exercise of the police powers of the state, if the inspection prescribed is of such a character, or is burdened with such conditions, as will prevent altogether the introduction into the state of sound meats, the product of animals slaughtered in other states. It is one thing for a state to exclude from its limits cattle, sheep, or swine actually diseased, or meats that by reason of their condition, or the condition of the animals from which they are taken, are unfit for human food, and punish all sales of such animals or of such meats within its limits. It is quite a different thing for a state to declare, as does Minnesota, by the necessary operation of its statute, that fresh beef, veal, mutton, lamb, or pork—articles that are used in every part of this country to support human life— shall not be sold at all for human food within its limits, unless the animal from which such meats are taken is inspected in that state, or, as is practically said, unless the animal is slaughtered in that state." State of Minnesota v. Barber, 136 U. S. 313, 10 Sup. Ct. 862, 34 L. Ed. 455.

The plaintiff and appellee, in the instant case, has not appeared in this court, by counsel or otherwise, and nothing occurs to us which would weaken the force and effect of the reasoning and decree in the case above cited, by which, as the Supreme Court of the United States is the highest authority upon the question at issue, we must be governed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; that the ordinance No. 25 of the town of De Ridder, passed August 2, 1904, be decreed null and void; and that plaintiff's demand be rejected and this suit dismissed, at his cost in both courts.